IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
                                                      :
PHILIP SULLIVAN AND                                   :    3:08 CV 471 (CSH)
CHARLOTTE SULLIVAN                                    :
                                                      :
v.                                                    :
                                                      :
JAMES HYLAND ET AL.                                   :
                                                      :    DATE: NOVEMBER 25, 2008
------------------------------------------------------x

RECOMMENDED RULING ON DEFENDANT HYLAND'S MOTION FOR INJUNCTION

The factual and procedural history behind this litigation has been set forth in painstaking detail in the numerous published decisions in Sullivan v. DeLisa, No. CVN 0091831FA ["Sullivan I"] – 2002 WL 523076 (Conn. Super. Ct. Jan. 10, 2002)(Crawford, J.); 101 Conn. App. 605 (Conn. App. Ct.), certif. denied, 283 Conn. 908 (2007); in In re Mary E. Crowell, No. AC 27754 ["Sullivan II"], certif. denied sub nom. Sullivan v. Delisa, 281 Conn. 924 (2007); in Sullivan v. Stein, No. 3:03 CV 1203 (MRK)["Sullivan III"] – 2004 WL 1179351 (D. Conn. May 21, 2004)(Kravitz, J.); 2004 WL 2750312 (D. Conn. Nov. 18, 2004)(same); 2005 WL 43439 (D. Conn. Jan. 4, 2005)(same); 2005 WL 465425 (D. Conn. Feb. 7, 2005)(same); 2005 WL 977069 (D. Conn. Apr. 19, 2005)(same); 2005 WL 2209301 (D. Conn. Sept. 12, 2005)(same); 2007 WL 1114028 (D. Conn. Apr. 10, 2007)(same); 487 F. Supp. 2d 52 (D. Conn. 2007)(same); and in this Magistrate Judge's twenty-eight page ruling in this pending action, 08 CV 471 (CSH)["Sullivan IV"], filed November 21, 2008 (Dkt. #39)[Sullivan IV Ruling"]. See also State v. Sullivan, No. CR 01106675, 2005 WL 895893 (Conn. Super. Ct. Mar. 11, 2005)(Sheldon, J.).

On October 2, 2008, defendant James Hyland filed the pending Motion for Injunction (Dkt. #30), in which he moves to enjoin both plaintiffs from filing any new lawsuits against

him, or against Kathryn Hyland, Martin Crowell, Jeffrey Stein, or Edward McAnaney. Twenty days later, plaintiffs filed their Motion to Strike (Dkt. #36), which also serves as their brief in opposition to defendant Hyland's motion. On November 5, 2008, defendant Hyland filed his brief in opposition to plaintiffs' motion (Dkt. #37), to which plaintiffs filed their reply one week later. (Dkt. #12).

For the reasons stated below, defendant Hyland's Motion for Injunction (Dkt. #30) is **granted**, and plaintiffs' Motion to Strike (Dkt. #36) is **denied**.

## I. PROCEDURAL BACKGROUND

Defendant Hyland now moves this Court to enjoin plaintiffs from bringing any action in any federal court or state court against him or against Kathryn Hyland, Martin Crowell, Jeffrey Stein or Edward McAnaney. (Dkt. #30). Defendant Hyland asserts that plaintiffs have brought four meritless lawsuits: Sullivan I ended in defendants' favor and was affirmed by the Connecticut Court of Appeals, Sullivan v. Delisa, 101 Conn. App. 605 (Conn. App. Ct. 2007), and certification was denied by the Connecticut Supreme Court, 283 Conn. 908 (2007); Sullivan II was dismissed by the Connecticut Appellate Court, and certification was denied by the Connecticut Supreme Court, Sullivan v. Delisa, 281 Conn. 924 (2007); Sullivan III is currently on appeal before the Second Circuit after U.S. District Judge Mark R. Kravitz dismissed all claims in plaintiffs' multiple complaints, see Sullivan v. Stein, 487 F. Supp. 2d 52 (D. Conn. 2007); and finally, this suit, Sullivan IV, has resulted in dismissal of all claims against all six defendants, Sullivan IV Ruling, where it was found that plaintiffs' claims were barred by the doctrines of res judicata and collateral estoppel, as well as for plaintiffs' failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). In his Motion for Injunction, defendant Hyland now argues that "the litigation brought by the

2

[p]laintiffs over the past eight years, in both federal and state courts, has been nothing but frivolous" and that, "absent an order of this court, there will be a "Sullivan V." (Dkt. # 30, at 5-6).

In response, plaintiffs move to strike defendant Hyland's Motion for Injunction, arguing that, "[i]n order for plaintiffs to be enjoined from exercising their First and Fourteenth Amendment right to their 'day in court' as to defendant Hyland or anyone else . . . there must exist several prior lawsuits filed by [p]laintiffs against [d]efendant Hyland found by a court to be 'vexatious' and/or 'frivolous.'" (Dkt. #36, at 2-3). Plaintiffs further assert that defendant Hyland has not demonstrated that plaintiffs have ever "engaged in litigation which did not have a reasonable basis in law and fact." (Id. at 4). Finally, plaintiffs assert that this court has no personal or subject matter jurisdiction over the named nonparties that defendant Hyland "attempts to piggy-back" onto his Motion for Injunction, as a court's jurisdiction "is limited to those over whom it gets personal service, and who therefore can have their day in court." (Id. at 6)(citing Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2d Cir. 1930)(footnote omitted)).

In his reply, defendant Hyland points out that "every one of [plaintiffs'] suits to date has either been dismissed or ended in a judgment for defendants, affirmed on appeal," and that "no court has set a threshold number of meritless or vexatious lawsuits before an injunction may be imposed." (Dkt. #37, at 2, 3)(citing Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), cert. denied, 479 U.S. 1099 (1987)). Finally, defendant Hyland asserts that while plaintiffs are correct in their claim that this court cannot enter an injunction against someone who is not a party to this action, plaintiffs are parties and therefore, this court does have jurisdiction to enter an injunction against them. (Dkt. #37, at 4)(emphasis in original).

3

In their reply brief, plaintiffs respond by asserting that "an 'injunction' merely subjects the 'enjoined' citizen to the forum court's censorship as to the merits of said citizen's complaint," so that "the district judge becomes the attorney for the defendant which is not permitted by either law or equity and said legal service is prejudicial to a [p]laintiff." (Dkt. #38, at 1-2).

## II. DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a) provides that, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "Under the All Writs Act, a district court may sanction a prolific litigant who abuses the judicial process by repeatedly suing defendants on meritless grounds and enjoin him from pursuing future litigation without leave of the court." Davey v. Dolan, 453 F. Supp. 2d 749, 755 (S.D.N.Y. 2006)(citing 28 U.S.C.A. § 1651)(multiple other citations omitted), aff'd, 06-4910-cv, 2008 WL 4187968, at *1 (2d Cir. Sept. 11, 2008).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1263 (2d Cir. 1984)). Moreover, "protection of our jurisdiction requires that we shield federal litigants, their counsel, . . . and professional associates from . . . vexatious litigation in all courts, state or federal." Id. at 1263. The Second Circuit has held that in determining whether or not to restrict a litigant's future access to the courts, a district court should consider:

> (1) the litigant's history of litigation and in particular, whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused

4

needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Toro v. Depository Trust Co., No. 97 CIV. 5383(SAS), 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4,1997)(quoting Safir, 792 F.2d at 24). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id., 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4,1997)(quoting Safir, 792 F.2d at 24).

The first factor is plaintiff's history of litigation. While a court has yet to describe plaintiff's litigation history as "vexatious," it certainly has included duplicative suits. Plaintiffs have litigated the instant claims in the state courts of Connecticut in two separate actions (Sullivan I and Sullivan II), and in Connecticut Federal District Court in two separate actions (Sullivan III and this case, Sullivan IV). "When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future." Lacy v. Principi, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004)(citing Malley v. N.Y. City Bd. Of Educ., 112 F.3d 69 (2d Cir. 1997)). Therefore, this first factor favors defendants.

The second factor, plaintiffs' motive in pursuing the litigation, also weighs in favor of defendants. This Court will not speculate as to plaintiffs' motive in pursuing this duplicative litigation, but notes that the plaintiffs' four separate lawsuits have spanned eight years, involved duplicative defendants and claims, and have ended in defendants' favor each time.

The third factor, whether plaintiffs are represented by counsel, weighs in favor of the pro se plaintiffs.

The fourth factor is whether plaintiffs have caused needless expense to other parties

5

and the courts. It is clear that the six defendants in this case, Sullivan IV, have had to incur attorneys' fees and litigation costs associated with defending against plaintiffs' multiple lawsuits against them. Furthermore, plaintiffs' duplicative suits have placed a certain burden on the Courts, which seek to promote judicial economy, by minimizing repetitive litigation and valuing the finality of former judgments. See Cumberland Farms, Inc. v. Town of Groton, 262 Conn. 45, 59 (2002)(citations omitted).

The fifth and last factor, the adequacy of other sanctions to protect the courts and other parties, is a more difficult question. However, it is clear from Plaintiffs' Motion to Strike (Dkt. #36) that they will continue to refile lawsuits based on the same claims unless they are enjoined from doing so, as plaintiffs refer to defendant's Motion for Injunction (Dkt. # 30) as "harassing" and state that, the motion "does raise the very serious question as to how many more tortious acts have been committed by [d]efendant Hyland and said named non-parties," and that "[p]erhaps plaintiffs should mirror [d]efendant Hyland's frivolous immaterial motion [filed by his attorney] and seek to enjoin [d]efendant Hyland and non-parties to this action from engaging in further tortious conduct against plaintiffs." (Dkt. #36, at 6). See Lacy, 317 F. Supp. 2d at 449-50 (enjoining a plaintiff from re-litigating claims because plaintiff's submissions indicated that he would not stop litigating his claims until he found a judge who agreed with him).

In addition, the Second Circuit has extended such injunctions on a plaintiff's resort to state courts:

> It does not follow . . . that some qualifications relating to the protection of federal interests may not be placed upon [a plaintiff's] resort to state courts. First, while comity usually requires us to abstain from intrusion into state proceedings, a spirit of cooperative federalism calls upon us to alert state courts to [plaintiffs'] past activities so they may take judicial notice of matters relevant to new litigation brought by [them]. Upon remand, therefore, the district court should continue the provisions

of the injunction requiring plaintiffs to append pertinent informational materials to pleadings in state courts.

In re Martin-Trigona, 737 F.2d at 1263.

Accordingly, plaintiffs are hereby enjoined from instituting any new action, in state or federal court, based on the claims and defendants involved in Sullivan I, Sullivan II, Sullivan III, or this present suit, Sullivan IV. Additionally, plaintiffs are ordered to attach to their complaint or other initial pleading in any future litigation, on any subject, a copy of this Order. See Satterfeld v. Pfizer, Inc., No. 04-CV-3782 (KMW)(GWG), 2005 WL 1765708, at *2 (S.D.N.Y. July 18, 2005), aff'd mem., 208 Fed. Appx. 59 (2d Cir. 2006).

### III. CONCLUSION

For the reasons stated above, defendant Hyland's Motion for Injunction (Dkt. # 30) is **granted** until such time, if and when, the Second Circuit returns a decision favorable to plaintiffs in Sullivan III. Otherwise, plaintiffs are hereby enjoined from instituting any new action, in state or federal court, based on the claims and defendants involved in Sullivan I, Sullivan II, Sullivan III, or this present suit, Sullivan IV.

The following requirement is further imposed on plaintiffs with respect to any future litigation filed by plaintiffs -- plaintiffs are ordered to attach to their complaint or other initial pleading in any future litigation, on any subject, a copy of this Order.

Plaintiffs' Motion to Strike (Dkt. #36) is **denied.**

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further**

7

**appeal to Second Circuit).**

Dated this 25th day of November, 2008 at New Haven, Connecticut.

                /s/ Joan G. Margolis_____
              Joan Glazer Margolis
              United States Magistrate Judge