IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
PHILIP SULLIVAN AND                 :      3:08 CV 471 (CSH)
CHARLOTTE SULLIVAN                  :
                                    :
v.                                  :
                                    :
JAMES HYLAND ET AL.                 :
                                    :      DATE: FEBRUARY 6, 2009
------------------------------------------------------x

RECOMMENDED RULING ON DEFENDANT DELISA'S MOTION FOR INJUNCTION

Familiarity is presumed with this Magistrate Judge's Recommended Ruling on Defendants' Motions to Dismiss, filed November 21, 2008 (Dkt. #39)[1] and Recommended Ruling on Defendant Hyland's Motion for Injunction, filed November 25, 2008 (Dkt. #40)["November 25th Recommended Ruling"],[2] in which the factual and procedural history behind this litigation was set forth in painstaking detail. See also Sullivan v. DeLisa, No. CVN 0091831FA ["Sullivan I"] – 2002 WL 523076 (Conn. Super. Ct. Jan. 10, 2002)(Crawford, J.); 101 Conn. App. 605 (Conn. App. Ct.), certif. denied, 283 Conn. 908 (2007); In re Mary E. Crowell, No. AC 27754 ["Sullivan II"], certif. denied sub nom. Sullivan v. Delisa, 281 Conn. 924 (2007); Sullivan v. Stein, No. 3:03 CV 1203 (MRK)["Sullivan III"] – 2004 WL 1179351 (D. Conn. May 21, 2004)(Kravitz, J.); 2004 WL 2750312 (D. Conn. Nov. 18, 2004)(same); 2005 WL 43439 (D. Conn. Jan. 4, 2005)(same); 2005 WL 465425 (D. Conn. Feb. 7, 2005)(same); 2005 WL 977069 (D. Conn. Apr. 19, 2005)(same); 2005 WL 2209301 (D. Conn. Sept. 12, 2005)(same); 2007 WL 1114028 (D. Conn. Apr. 10, 2007)(same); 487 F.

---

[1] Plaintiffs' Objection to this Recommended Ruling is pending before Senior U.S. District Judge Charles S. Haight. (Dkts. ## 41-42; see also Dkts. ##44-47, 52).

[2] Plaintiffs' Objection to the November 25th Recommended Ruling also is pending before Senior U.S. District Judge Charles S. Haight. (Dkt. # 43; see also Dkt. #51).

Supp. 2d 52 (D. Conn. 2007); State v. Sullivan, No. CR 01106675, 2005 WL 895893 (Conn. Super. Ct. Mar. 11, 2005)(Sheldon, J.).

On December 29, 2008, defendant Mary Ann Delisa filed the pending Motion for Injunction (Dkt. #50), in which she moves to enjoin both plaintiffs from filing any new lawsuits against her and her husband Thomas Delisa.[3] The next day, plaintiffs filed their Motion to Strike (Dkt. #48), which also serves as their brief in opposition to defendant Delisa's motion. On January 20, 2009, defendant Delisa filed her brief in opposition to plaintiffs' motion (Dkt. #53), to which plaintiffs filed their reply nine days later. (Dkt. #54).

For the reasons stated below, defendant Delisa's Motion for Injunction (Dkt. #30) is **granted**, and plaintiffs' Motion to Strike (Dkt. #36) is **denied**.

## I. DISCUSSION

Defendant Delisa discusses the five factor test found in Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), which factors were addressed in the November 25th Recommended Ruling (at 4-6), and which factors were all found in defendants' favor. Plaintiffs' first filing largely recycles the same arguments made in opposing defendant Hyland's similar motion, namely that "[t]here is **no evidence** that Plaintiffs have engaged in repetitive frivolous vexatious lawsuits as to Defendant Delisa . . ." (Dkt. #48, at 3-8 (emphasis in original); cf. Dkt. #36, at 3-6). In her reply brief, defendant Delisa responds that the "evidence" in support of the injunction are all the court rulings in Sullivan I, Sullivan II, Sullivan III and Sullivan IV, and "[w]hile it is true that with this case . . . plaintiffs have alleged different common law tort theories, the predicate for the new theories is not different

---

[3]The November 25th Recommended Ruling granted such relief, as requested by defendant James Hyland, with respect to any new litigation against him, Kathryn Hyland, Martin Crowell, Jeffrey Stein and Edward McAnaney. (At 2).

from that before the court in Sullivan III: an alleged conspiracy by [defendant] Delisa and others to deprive plaintiffs of their constitutional rights," and the "critical facts and events" of all four Sullivan lawsuits form a "'nucleus of facts' common to all four . . . lawsuits." (At 1)(emphasis added).[4]  In their reply brief, plaintiffs contend that from July 2000 through April 1, 2005, they have been "the victims of shocking ongoing unlawful acts" by defendant Delisa and others, that "at no time have Plaintiffs engaged in either frivolous or vexatious lawsuits," and that when they have their "due process hearing," it will be "clearly reveal[ed] that it is the Defendants who are reckless prolific violators of the law and to date have been protected by the culture of corruption in Connecticut." (Dkt. #54, at 2)(emphasis in original).

For all the reasons addressed in the November 25th Recommended Ruling (at 2-7), plaintiffs are hereby enjoined from instituting any new action, in state or federal court, based on the claims and defendants involved in Sullivan I, Sullivan II, Sullivan III, or this present suit, Sullivan IV.  Additionally, plaintiffs are ordered to attach to their complaint or other initial pleading in any future litigation, on any subject, a copy of this Order.  See Satterfeld v. Pfizer, Inc., No. 04-CV-3782 (KMW)(GWG), 2005 WL 1765708, at *2 (S.D.N.Y. July 18, 2005), aff'd mem., 208 Fed. Appx. 59 (2d Cir. 2006).

## II. CONCLUSION

For the reasons stated above, defendant Delisa's Motion for Injunction (Dkt. # 50) is **granted** until such time, if and when, the Second Circuit returns a decision favorable to

---

[4]Defendant Delisa also recounts yet an additional lawsuit, Phillip Sullivan v. Thomas Delisa et al., Dkt. No. CV 03-0523045S, in the New Britain Superior Court, involving a bank account, and not the Farmington home; in this lawsuit, filed in 2003, plaintiffs alleged that defendant Delisa's husband, and others, "wantonly and recklessly conspired" with a bank to deprive plaintiff Thomas Sullivan of funds in this account.  (At 2-3).  According to defense counsel, Superior Court Judge Robinson successfully solved the matter, with a voluntary resolution and withdrawal placed on the record in open court.  (At 3).

plaintiffs in Sullivan III. Otherwise, plaintiffs are hereby enjoined from instituting any new action, in state or federal court, based on the claims and defendants involved in Sullivan I, Sullivan II, Sullivan III, or this present suit, Sullivan IV.

The following requirement is further imposed on plaintiffs with respect to any future litigation filed by plaintiffs -- plaintiffs are ordered to attach to their complaint or other initial pleading in any future litigation, on any subject, a copy of this Order.

Plaintiffs' Motion to Strike (Dkt. #48) is **denied.**

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 6th day of February, 2009 at New Haven, Connecticut.

/s/Joan Glazer Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge